IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| JASON WOOD, | ) | CV 10-13-H-DWM |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| MONTANA DEPARTMENT OF REVENUE, | ) | |
| Defendant. | ) | |

The Court sua sponte raises the question of whether it has subject matter jurisdiction over this case. See Adam v. Norton, 636 F.3d 1190, 1192 n.2 (9th Cir. 2011); Peterson v. Islamic Republic of Iran, 627 F.3d 1117, 1133 (9th Cir. 2010). Specifically, the Court is considering whether the Montana Department of Revenue has sovereign immunity from Jason Wood's claim under the Family and Medical Leave Act. 29 U.S.C. § 2612(a)(1)(D). In light of this concern, the Court

1

orders the parties to file simultaneous supplemental briefs responding to the questions below.

IT IS HEREBY ORDERED that the parties are directed to file simultaneous supplemental briefs that respond to the following questions:

1. Did Congress's enactment of the "self-care" provision in the Family and Medical Leave Act, 29 U.S.C. § 2612(a)(1)(D), effectively abrogate the states' eleventh amendment sovereign immunity for claims arising under the Act? See Nev. Dept. of Hum. Res. v. Hibbs, 538 U.S. 721 (2003); Coleman v. Md. Ct. of Apps., 626 F.3d 187 (4th Cir. 2010); Nelson v. Univ. of Tex. at Dallas, 535 F.3d 318 (5th Cir. 2008); McKlintic v. 36th Jud. Cir. Ct., 508 F.3d 875 (8th Cir. 2007); Toeller v. Wisc. Dept. of Corrects., 461 F.3d 871 (7th Cir. 2006); Touvell v. Ohio Dept. of Mental Retardation & Dev. Disabilities, 422 F.3d 392 (6th Cir. 2005); Brockman v. Wyo. Dept. of Fam. Servs., 342 F.3d 1159 (10th Cir. 2003).

2. If it did not, has the State of Montana nonetheless waived its eleventh amendment sovereign immunity by removing this case to this Court? See Indep. Living Ctr. of S. Cal., Inc. v. Maxell-Jolly, 572 F.3d 644, 661 (9th Cir. 2009); Embury v. King, 361 F.3d 562, 566 (9th Cir. 2004).

3. Has the State of Montana "previously consented to be sued in state court under like circumstances"? Indep. Living Ctr. of S. Cal., 572 F.3d at 661; see also Peretti v. State, 777 P.2d 329, 332 (Mont. 1989) ("[A] state cannot be sued in its own courts without its plain and specific consent to suit either by constitutional provision or by statute.)

4. In light of your responses to the questions above, should this case be remanded to the state court?

IT IS FURTHER ORDERED that the parties shall simultaneously file their briefs by October 31, 2011. The briefs shall be limited to 4,000 words, excluding

caption and certificates of service and compliance.

Dated this 4th day of October, 2011.

/s/ Donald W. Molloy
_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT