IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| JASON WOOD, | ) | CV 10-13-H-DWM |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| MONTANA DEPARTMENT OF REVENUE, | ) | |
| Defendant. | ) | |

**I. INTRODUCTION**

Jason Wood claims that his former employer, the Montana Department of Revenue, wrongly terminated his employment. As part of his lawsuit, he argues that the Department terminated him on account of absences he took, even though he claims was entitled to them under the "self-care" provision in the Family and Medical Leave Act, 29 U.S.C. § 2612(a)(1)(D).[1]

---

[1] The self-care provision provides:

1

The Court sua sponte raised the question of whether it has subject matter jurisdiction over Mr. Wood's Family and Medical Leave Act claim. Specifically, the parties were asked to address whether the Department is entitled to sovereign immunity from that claim.[2]

Having considered the briefs of each party, I conclude the Department is entitled to sovereign immunity protection because it has not consented to be sued in state court. Accordingly Wood's Family and Medical Leave Act claim is dismissed without prejudice. But, given the time and effort already expended on the supplemental claims, and the proximity of the trial, I will retain supplemental jurisdiction over the remaining state-law claims.

## II. SOVEREIGN IMMUNITY

There are two forms of sovereign immunity: (1) sovereign immunity under

---

> Subject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following: . . . (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee . . . .

29 U.S.C. § 2612(a)(1)(D).

[2] Since sovereign immunity is a limitation on the Court's subject matter jurisdiction, the Court may address it sua sponte at any time prior to final judgment. Adam v. Norton, 636 F.3d 1190, 1192 n.2 (9th Cir. 2001); Peterson v. Islamic Republic of Iran, 627 F.3d 1117, 1133 (9th Cir. 2010).

the Eleventh Amendment, which bars federal lawsuits against states and (2) sovereign immunity under the broader doctrine of state sovereign immunity, which shields a state from liability in both federal and state court, unless it has consented to be sued. See, e.g., Fed. Mar. Commn. v. S.C. St. Ports Auth., 535 U.S. 743, 753 (2002) ("[T]he Eleventh Amendment does not define the scope of the States's sovereign immunity; it is but one particular exemplification of that immunity . . . . [T]he sovereign immunity enjoyed by the States extends beyond the literal text of the Eleventh Amendment."); Indep. Living Ctr. of S. Cal., Inc. v. Maxwell-Jolly, 572 F.3d 644, 660 (9th Cir. 2009) (observing that the broader doctrine of state sovereign immunity predates the Constitution); Lombardo v. Pa., 540 F.3d 190, 194 (3d Cir. 2008) ("[S]tate sovereign immunity is not a unitary concept. We can discern two distinct types of state sovereign immunity: immunity from suit in federal court and immunity from liability.").

Considering the principle of constitutional avoidance, it is unnecessary to determine whether the Department is entitled to eleventh amendment sovereign immunity because it is entitled to immunity under the broader doctrine of state sovereign immunity.[3] The Department is entitled to that immunity because the

---

[3] The doctrine of constitutional avoidance provides that "a court will not pass upon a constitutional question if there is some other ground upon which the case may be disposed." See Harvey v. Brewer, 605 F.3d 1067, 1078 (9th Cir.

State of Montana has not consented to be sued in state court under like circumstances. See Indep. Living Ctr., 572 F.3d at 661.

In 1972, the State of Montana constitutionally abolished its sovereign immunity as to all actions involving "injury to a person or property":

> The state, counties, cities, towns, and all other local governmental entities shall have no immunity from suit for injury to a person or property, except as may be specifically provided by law by a 2/3 vote of each house of the legislature.

Mont. Const. art. II, § 18. While broadly written, the Montana Supreme Court has held that this abolishment applies only to tort actions and not other actions (e.g., contract actions) involving injuries to a person or property. Peretti v. State, 777 P.2d 329, 332 (Mont. 1989).

---

2010).

Since the Court need not address eleventh amendment sovereign immunity, it also need not address the question of whether Congress's enactment of the "self-care" provision in the Family and Medical Leave Act, 29 U.S.C. § 2612(a)(1)(D), effectively abrogated the states's eleventh amendment sovereign immunity for claims arising under that provision. See Nev. Dept. of Hum. Res. v. Hibbs, 538 U.S. 721 (2003); Coleman v. Md. Ct. of Apps., 626 F.3d 187 (4th Cir. 2010), cert. granted, 131 S. Ct. 3059 (June 27, 2011).

Similarly, the Court need not address whether Mr. Wood's claim should go forward under Ex Parte Young, 209 U.S. 123 (1908), since Ex parte Young applies only in the context of the Eleventh Amendment, not in the context of the broader doctrine of state sovereign immunity. Ex parte Young applies only to lawsuits against state officials—it does not apply when, as here, the plaintiff has named only the state or a state agency. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & eddy, Inc., 506 U.S. 139, 146 (1993).

Tort claims aside, the Montana Supreme Court has held that the State of Montana "cannot be sued in its own courts without its plain and specific consent to suit either by constitutional provision or statute." Id. at 332; see, e.g., Gudmundsen v. St. ex rel. Mont. St. Hosp. Warm Springs, 203 P.3d 813, 815 (Mont. 2009).

In this case, since Wood's statutory claim under the Family and Medical Leave Act is not a tort claim, he must show that the State has "plain[ly] and specific[ally] consent[ed] to suit either by constitutional provision or statute." Id.; see also, Babinecz v. Mont. Hwy. Patrol, 68 P.3d 715, 719 (Mont. 2003).

There is no Montana-law analog to the Family and Medical Leave Act, and the State has not consented—either by constitutional provision or statute—to be sued in state court under the Act. Consequently the Department is entitled to sovereign immunity on this claim in Wood's suit.

Wood argues that the State of Montana has consented to be sued under the self-care provision because the State previously appeared as a defendant in a case that involved the Act. See Olson v. State of Mont., 2006 Mont. LEXIS 574 (May 23, 2006). The same self-care provision at issue here was at issue in Olson. But in Olson, neither the State nor the court raised the issue of sovereign immunity. In effect, the State waived its immunity by failing to raise the question. Even so

5

waiver in a prior case does not operate as consent to be sued in a different case, even if the follow-up case involves an identical legal issue.

Montana law is clear: The State can consent to be sued in only one of two ways—through a constitutional provision or statute. No such provision or statute exists here. Wood has not cited any authority supporting the proposition that the State consents to be sued by waiving its sovereign immunity in a different case.

For these reasons, the Department is entitled to sovereign immunity on the Family and Medical Leave Act claim.

### III. REMOVAL AND WAIVER OF SOVEREIGN IMMUNITY

Sovereign immunity, in either form, can be waived. See, e.g., Lapides v. Bd. of Regents of the Univ. Sys. of Ga., 535 U.S. 613 (2002). A key question in this case is whether the Department waived its sovereign immunity by removing this case to federal court.

The United States Supreme Court has held that, if a state has consented to be sued in state court, the state waives its eleventh amendment sovereign immunity by removing a case to federal court. Id.; see also Indep. Living Ctr., 572 F.3d at 661–63; Embury v. King, 361 F.3d 644, 565–66 (9th Cir. 2004). The Lapides Court explained that "removal is a form of voluntary invocation of a federal court's jurisdiction sufficient to waive the State's otherwise valid objection

6

to litigation of a matter . . . in a federal forum." Id. at 624. But, more fundamentally, if removal in such circumstances did not result in a waiver, a state would gain an "unfair tactical advantage[ ]." Id. 535 U.S. at 621. A state defendant, for example, could defeat a claim in state court simply by removing it to federal court and then asserting an eleventh amendment defense.

Neither the Supreme Court nor the Ninth Circuit has addressed the related question at issue here: If a state court has not consented to be sued in state court, does it waive its immunity under the broader doctrine of state sovereign immunity by removing the case to federal court? See Lapides, 535 U.S. at 617–18 ("Nor need we address the scope of waiver by removal in a situation where the State's underlying sovereign immunity from suit has not been waived or abrogated in state court."); Indep. Living Ctr., 572 F.3d at 662 n.20 (declining to address the question of whether removal results in a waiver of sovereign immunity when the state has not consented to be sued in state court); see also, Stewart, 393 F.3d at 488. Other circuits have addressed this question, and they have concluded that, if a state has not consented to be sued in state court, it does not waive its broader state sovereign immunity by removing the case to federal court. See, e.g., Stewart, 393 F.3d at 488; Waters v. Wash. Metro. Area Transit Auth., 295 F.3d 36, 42 n.13 (D.C. Cir. 2002).

The Fourth Circuit's decision in <u>Stewart</u> is the most lucid explanation of why a state does not waive its state sovereign immunity under such circumstances. The <u>Stewart</u> court recognized that the <u>Lapides</u> Court's finding of waiver in the context of the Eleventh Amendment was based on "consistency, fairness, and preventing States from using the Amendment 'to achieve unfair tactical advantages.'" 393 F.3d at 490 (quoting <u>Lapides</u> 535 U.S. at 621). But, unlike the facts in <u>Lapides</u>, if a state has not consented to be sued in its own state courts, then it is immune from suit—under the broader doctrine of state sovereignty—in both federal and state court. So the state does not gain any unfair tactical advantage by removing a case to federal court. <u>Id.</u> It occupies the same position in both courts. By removing the case, the state is "merely [seeking] to have the sovereign immunity issue resolved by a federal court rather than a state court." <u>Id.</u> at 491. To reach the opposite conclusion—i.e., that removal results in waiver—would give plaintiffs an unfair tactical advantage because a state would be forced to abandon a potentially valid defense if it wants to remove the case to federal court.

The Fourth Circuit's reasoning is persuasive in the absence of controlling authority from the Ninth Circuit. Thus, if Montana has not consented to be sued in Montana state court, then it does not waive its immunity under the broader doctrine of state sovereign immunity by removing the case to federal court.

Concluding otherwise would result in a unfair tactical advantage for plaintiffs in state court. See Lapides, 535 U.S. at 621.

In this case, the Department did not waive its immunity under the broader doctrine of state sovereign immunity by removing this case, and it is therefore entitled to the protection of that immunity.

## V. SUPPLEMENTAL JURISDICTION

The Department is entitled to sovereign immunity from Wood's claim under the Family and Medical Leave Act, Count II ("Family and Medical Leave Act") and that claim is dismissed without prejudice. Count II is the only claim over which the Court could exercise original jurisdiction. The Court has discretion to remand the remaining state law claims. 28 U.S.C. § 1367(c)(3).

When deciding whether to retain supplemental jurisdiction over state law claims, it is necessary to balance the factors of "judicial economy, convenience, fairness, and comity." Oliver v. Ralphs Grocery Co., 654 F.3d 903, 911 (9th Cir. 2011). "'In the usual case in which all federal law claims are eliminated before trial,'" these factors will "'point toward declining to exercise jurisdiction over the remaining state-law claims.'" Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)). In this case, the factors of judicial economy, convenience, and fairness

weigh heavily in favor of retaining jurisdiction over the pending supplemental claims. The parties have thoroughly litigated this matter, and trial is set for next month on December 12th. Given these facts, the Court retains supplemental jurisdiction over the state law claims.

## VI. CONCLUSION

For the reasons above, IT IS ORDERED that Count II ("Family and Medical Leave Act") of Jason Wood's complaint is DISMISSED without prejudice.

IT IS FURTHER ORDERED that the Court RETAINS supplemental jurisdiction over the remaining state law claims.

Dated this 30th day of November, 2011.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT